IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL J. RUFFIN and STEVEN BAKER, individually and on behalf of a class of similarly situated persons, ) ) ) ) Plaintiffs, ) ) v. ) ) EXEL DIRECT, INC., ) ) Defendant. ) | No. 09 c 1735 Wayne R. Andersen District Judge |

## MEMORANDUM, OPINION AND ORDER

This case is before the court on the motion of Defendant Exel Direct Inc. ("Exel") to dismiss Counts III, IV, VI, and VII of Plaintiffs' Complaint in their entirety as well as to dismiss portions of the three other counts. Exel also brings a motion to strike the class definition. For the reasons set forth below, the motion to strike and dismiss is granted in part and denied in part.

## BACKGROUND

Exel is a corporation whose business consists of providing delivery services on behalf of retailers. Compl. ¶ 19. Plaintiffs Danny J. Ruffin ("Ruffin") and Steven Baker ("Baker") (collectively "Plaintiffs") performed work as drivers under contracts they had with Exel. Plaintiffs allege that they were improperly classified by Exel as independent contractors when they were actually Exel employees. Plaintiffs purport to bring this action on behalf of themselves and "[a]ll individuals who worked for Defendant Exel Direct Inc. in Illinois from March 20,1999 through the present (the "Class Period") as delivery drivers, and who were classified by Exel Direct Inc. as 'independent contractors' and thereby deprived of various protections under Illinois law." See *id.* ¶ 7.

Plaintiffs allege that Exel required its drivers to sign an "Independent Truckman's Agreement," which characterized the relationship between the drivers and Exel as independent contractor and contractor, when the relationship was actually that of employer and employee. Plaintiffs have filed a seven count Complaint against Exel based on diversity jurisdiction. Plaintiffs bring claims for violations of the Illinois Minimum Wage Law, violations of the Illinois Wage Payment and Collection Act, unjust enrichment, and promissory estoppel. Plaintiffs also seek declaratory and injunctive relief and an accounting. Defendants have moved to dismiss Count III (Unjust Enrichment), Count IV ( Accounting), Count VI (Declaratory Relief), and Count VII (Injunctive Relief) and have moved to strike certain allegations from the Complaint.

## **DISCUSSION**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper where no set of facts alleged would entitle a plaintiff to relief. *Szumny v. American Gen. Fin., Inc.,* 246 F.3d. 1065, 1067 (7th Cir. 2001). In order to survive a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ____, 129 S. Ct. 1937, 1940 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1940 (citing *Twombly*, 550 U.S. at 556). Additionally, a complaint must describe the claim with sufficient detail as to "give the defendants fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking federal jurisdiction bears the burden of establishing the required elements of standing. *Disability Rights Wis., Inc. v. Walworth County Bd. of Supervisors,* 522 F.3d 796, 800 (7th Cir. 2008). A motion to dismiss for lack of standing is properly characterized as a Rule 12(b)(1) motion. *See Perkins v. Neal,* No. 07 C 841, 2007 U.S. Dist. LEXIS 77819, at *3 (N.D. Ill. Oct. 19, 2007).

A motion to strike pursuant to Fed. R. Civ. P. 12(f), the "court may order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose behind Rule 12(f) is to exclude irrelevant material from pending litigation." *Murphy v. Capital One Bank,* No. 08 C 801, 2008 U.S. Dist. LEXIS 73609, at *3 (N.D. Ill. Aug. 18, 2008).

## I. Count III—Unjust Enrichment

Plaintiffs' Complaint centers around one primary allegation—that Exel improperly classified Plaintiffs as independent contractors rather than as employees. In Count III, Plaintiffs allege Exel has been unjustly enriched by this alleged improper classification because it has failed to reimburse the drivers for work-related expenditures while denying those same drivers "wages, holiday pay, overtime pay, workers' compensation and unemployment insurance, and contributions to Exel Direct retirement plans." Compl. ¶ 49. These allegations relate directly to the terms and conditions of the parties' relationship.

It is well established under Illinois law that "[w]hen two parties' relationship is governed by contract, they may not bring a claim of unjust enrichment unless the claim falls outside the

3

contract." *Utility Audit, Inc. v. Horace Mann Serv. Corp.,* 383 F.3d 683, 688-89 (7th Cir. 2004); *see also Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.,* 525 F.3d 533, 541 (7th Cir. 2008) ("damages for unjust enrichment are not awardable when . . . there is a contract between the parties on the subject in dispute"). Plaintiffs' repeated allegation that a contract – namely, the Independent Truckman's Agreement – governed the terms and conditions of their relationship with Exel is fatal to their claim for unjust enrichment. *See* Compl. ¶¶ 8, 27, 28, 31.

As Plaintiffs have alleged that the Independent Truckman's Agreement governed the terms and conditions of their relationship with Exel, they cannot state a claim for unjust enrichment, and Plaintiffs concede as much in their brief. Therefore, Count III of Plaintiffs' Complaint is dismissed for failure to state a claim. *See Nepomoceno v. Knights of Columbus,* No. 96 C 4789, 1999 U.S. Dist. LEXIS 1366 (N.D. Ill. Feb 8, 1999) (dismissing a claim for unjust enrichment when the parties' relationship was governed by a contract).

**II.     Count IV--Accounting**

In Count IV, Plaintiffs seek an accounting because they do not know the "precise amount of compensation due to each Plaintiff and Plaintiff Class Members." Compl. ¶ 53. Furthermore, Plaintiffs seek an accounting to "determine the amount of wages due to Plaintiffs." *See* Compl. ¶ Count IV.

Under Illinois law, "in order to state a claim for accounting, a plaintiff 'must allege the absence of an adequate remedy at law and either a breach of fiduciary relationship, a need for discovery, fraud, or the existence of mutual accounts which are complex in nature." *Humana Health Plan, Inc. v. Heritage Midwest Med. Mgmt, Inc.,* No. 99 C 6276, 2001 U.S. Dist. LEXIS 78, at *4 (N.D. Ill. Jan 3, 2001); *Homestead Ins. Co. v. Chicago Transit Auth*., No. 96 C 4570,

4

1997 U.S. Dist. LEXIS 716, at *6 (N.D. Ill. Jan 23, 1997).

Plaintiffs have not pled any facts to support their claim for accounting. Specifically, Plaintiffs have an adequate remedy at law for their alleged injuries, as evidenced by their claims under the Illinois Minimum Wage Law ("IMWL") (Count II). Because it appears that Plaintiffs have an adequate remedy at law, Exel's motion to dismiss Count IV is granted.

**III.    Motion To Strike Plaintiffs' Claims For Denial Of Certain Benefits**

Plaintiffs allege that they were denied certain benefits, including among others: holiday pay; workers' compensation; unemployment insurance; contributions to Exel's retirement and other benefit plans; income tax withholding; employers' contribution to Social Security and Medicare; and meal, break and rest periods.

While it is unclear from Plaintiffs' Complaint the extent to which Plaintiffs purport to bring separate claims for the denial of these benefits, we deny Defendant's motion to dismiss at this time. However if, during discovery, no legal basis is developed to support the claims for denial of these benefits, Defendant may renew the motion to dismiss regarding the alleged denial of these benefits.

**IV.    Counts VI And VII Are Dismissed For Lack Of Standing**

Plaintiffs allege that they "previously worked for Defendant" and do not make any allegations that they are currently working for Defendant Exel. *See* Compl. ¶ 1. As former contractors, Plaintiffs do not have standing to seek the declaratory and injunctive relief requested in Counts VI and VII.

Standing is a necessary prerequisite to bring suit in federal court. *See, e.g., DH2, Inc. v. United States SEC,* 422 F.3d 591, 596 (7th Cir. 2005) ("Standing is 'an essential and unchanging

part of the case-or-controversy requirement of Article III") (*quoting Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). "To meet the standing requirement of Article III, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd,* 521 U.S. 811, 818 (1997) (internal quotation marks and citations omitted).

Former contractors do not have standing to seek declaratory or injunctive relief against the company for which they previously worked. *See Brown v. County of Cook,* 549 F. Supp. 2d 1026, 1032 (N.D. Ill. 2008) (holding a former employee did not have standing to seek injunctive relief because he was not in danger of future harm); *Gilbert v. Ill. State Bd. Of Educ,* No. 05 C 4699, 2008 U.S. Dist. LEXIS 72874, at *21 (N.D. Ill. Sept. 24, 2008). As Plaintiffs do not have standing to bring Counts VI and VII, the Court does not have subject matter jurisdiction and, therefore, dismisses these claims.

**V.     Motion To Strike The Class Definition**

Plaintiffs purport to bring this action on behalf of a class of "[a]ll individuals who worked for Defendant Exel Direct Inc. in Illinois from March 20, 1999 through the present (the "Class Period") as delivery drivers, and who were classified by Exel Direct Inc. as 'independent contractors' and thereby deprived of various protections under Illinois law." See Compl. ¶ 7. Exel argues that Plaintiffs' proposed class definition is overly broad, because none of the claims the Plaintiffs purport to bring have an applicable ten year statute of limitations. Exel argues that, because the longest statute of limitations period applicable to any of Plaintiffs' claims is five years, Plaintiffs' proposed class definition, which goes back ten years, is improperly broad and should be stricken.

6

The Court will address this issue during the briefing on class certification. The parties will be able to fully brief the issue at that time. Therefore, the motion to strike the class definition is denied at this time.

## **CONCLUSION**

For the foregoing reasons, Defendant Exel Direct Inc.'s motion to strike and dismiss is granted in part and denied in part [#13]. Counts III, IV, VI and VII of Plaintiffs' Complaint are dismissed. The motion to dismiss Plaintiffs' claims in the Complaint for holiday pay, workers' compensation insurance, unemployment insurance, social security, medicare, and meal, break and rest periods and failure to withhold income taxes is denied at this time. The motion to strike is denied as to the class definition. This case is set for status on Thursday October 29 at 9:00 a.m. in Courtroom 1403.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: September 29, 2009